GALVESTON, HOUSTON & HENDERSON R. R. Co. v. R. W. BELL AND —— BELL.

(No. 320.)

LIABILITY OF CARRIER.

DAMAGES.— It is well settled that in order to lay a basis for greater damages against the carrier for damages or non-delivery of property shipped than the difference in value when shipped and when the goods are received or lost, the plaintiff must allege such special facts as will render the carrier amenable to damages above the general rule, according to the nature of the case.

PLEADING — PRACTICE.— There must be a basis laid to support the judgment. Facts not alleged, though proven, cannot form the basis of a judgment.

APPEAL from Dallas county. Opinion by WALKER, P. J.

STATEMENT.— Suit by the appellees against the appellant for damages alleged to have ensued to plaintiffs, caused by the negligent delay of defendant's railroad to deliver at their destination, to wit, Dallas and Hutcheson, twelve cases of fruit trees, shipped from Galveston on said railroad by the plaintiffs, to be conveyed to said points of destination. Plaintiffs alleged that by exposure on flat cars of the defendant, and several days' delay, the fruit trees were frozen; that plaintiffs had bargained and agreed with divers parties in and around Dallas and Hutcheson for the sale of said fruit trees, which they had agreed to deliver to them in good order. Plaintiffs alleged that by defendant's careless delay in the transportation for the period of twelve days, and of said exposure, the fruit trees were frozen, and plaintiffs were subjected to great loss and expense and consequent damage; that one of said boxes of fruit trees, of the value of $400, defendant wholly failed to deliver and was wholly lost; that by reason of said damaged condition of the trees, said parties who had agreed to buy them refused to purchase them, and plaintiffs were compelled to sell said trees at great sacrifice, and were at great delay and expense in effecting said sales, to their great damage, $5,000; they

prayed judgment for their damages and costs. Under leave granted to amend, plaintiffs amended their petition and set forth the items of their account or list of fruit trees shipped as aforesaid, with the contents and value of each of the boxes or cases containing the trees; the aggregate values amounted to exactly $4,000. The original petition had alleged their value at $4,800. The amended petition alleged that one of the boxes of trees included in the amended list and valued at $220 was wholly lost. The others, though alleged to have been damaged, were received, and sold at a loss and sacrifice.

Judgment by default with writ of inquiry; verdict and judgment for the plaintiffs against the defendant for $5,000. The defendant prosecutes this writ of error, and assigns thirteen grounds of error, among which is that the judgment is manifestly excessive, unjust and illegal. This assignment is quite too general to require us to notice it, but in view of the fundamental error which an inspection of the record renders conspicuous, we will be required to consider the merits of the plaintiffs' judgment.

OPINION.— The plaintiff alleges no facts upon which he is entitled to recover damages from the defendant on a broader or more extended basis, as the measure thereof, than the difference in the value of the fruit trees when they were delivered to the defendant, and their diminished value when they were received. That difference could not have exceeded their entire value. The whole is greater than any one of its parts; a part is not equal to the whole. The plaintiffs very carefully show, therefore, that they could not have been damaged beyond $4,000 in the injury done to their fruit trees, for they allege that they were worth no more than that sum. They do not pretend, either, to an entire loss of the trees; they admit that the loss was partial; that they sold all of them, except one case that was lost, at a sacrifice; how much they realized is not stated; whatever was its amount, to that extent diminished their

damage, and is to be subtracted from the entire amount of value, viz., $4,000.

It is well settled that in order to lay a basis for greater damage against the carrier for damage or non-delivery of property shipped than the difference in value when shipped and when the goods are received or lost (as the case may be), that the plaintiff must allege such special facts as will render the carrier amenable to damages beyond the rule above stated, according to the nature of the case.

The plaintiffs in this case lay no other claim for damages beyond those that follow under the ordinary rule, than that they had contracted to sell the fruit trees to certain parties, who, in consequence of said injury to the trees, refused to buy them.

They allege no facts showing any special loss therefrom beyond what would be compensated by the payment to them by the defendant of their entire and absolute value. Besides, in order to render the carrier liable for any special damage growing out of circumstances which might have induced a peculiar loss to the plaintiffs by the delay of transportation, it seems that notice at the time of shipment should have been given to the defendant of the facts and circumstances which plaintiff referred to, so that the defendant could have protected itself by the use of care and diligence corresponding to any supposed necessity for its exercise.

Under the facts stated by the plaintiffs in regard to the contract of shipment of the trees, it will not be supposed that either of the parties contemplated a greater amount of liability on the part of the defendant than to be answerable for the value of the trees. No basis is laid in the petition for the recovery of the remote or consequential damages which may have ensued from the delay and expense of procuring the sale of the fruit trees after they reached their destination.

We conclude that there was no basis laid for such a judgment. Facts not alleged, though proven, cannot form the

basis of a judgment.  Hall *v.* Jacks, 3 Tex., 305.  There is
no statement of facts in the record.  In its absence every
intendment will be indulged in support of the verdict and
judgment.  But whatever may have been the evidence on
the trial, the pleadings could not support a verdict for
$5,000.  Nor even can a verdict for $4,000 be supported.
The petition negatives a legal damage beyond the differ-
ence between what the plaintiffs realized and $4,000.

REVERSED AND REMANDED.